UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHERYL K. McNERNEY, an individual,

    Plaintiff,

    v.

SAFEWAY, INC., a Delaware corporation doing business in Washington State; et al.,

    Defendants.

CASE NO. C06-569RSM

ORDER GRANTING MOTION FOR REMAND

    This matter is now before the Court for consideration of plaintiff's motion for remand. Although defendants have opposed the motion, the Court finds, for the reasons set forth below, that remand is appropriate, and grants plaintiff's motion.

    Plaintiff filed this action in King County Superior Court, alleging causes of action for gender discrimination, hostile work environment, retaliation, and disability discrimination, all in violation of the Washington Law Against Discrimination, RCW 49.60. She also asserts tort claims for negligent and intentional infliction of emotional distress; a claim for breach of contract regarding her long term disability insurance payments; and claims of fraud, misrepresentation and negligence related to the disability insurance.

    Defendants removed the case to this Court under federal question jurisdiction, asserting that the disability insurance claims are preempted by the Employee Retirement Income Security Act ("ERISA"),

ORDER GRANTING MOTION FOR
REMAND - 1

as amended, 29 U.S.C. § 1001 *et seq*. Plaintiff in response has moved for remand to state court, contending that the complaint presents only questions of state law which are not preempted by ERISA.

ERISA preemption is based on the following provision: "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). None of the subsection (b) exceptions are at issue here. With regard to this "related to" provision, the Supreme Court has clarified that state laws are not preempted if they have only a " 'tenuous, remote or peripheral' connection with covered plans." *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 661 (1995). ERISA preemption analysis begins with the presumption that Congress did not intend to supplant state law. *Id*. at 654. In considering whether state law claims are preempted, this Court should focus on the "objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id*. at 656.

Following *Travelers*, the Ninth Circuit analyzed the "relates to" criterion by determining whether a state law has a "connection with" or a "reference to" employee benefit plans. *Southern California IBEW-NECA Trust Funds v. Standard Industrial Electric Co.*, 247 F. 3d 920, 925 (9th Cir. 2001). In determining whether a connection exists, the Ninth Circuit looks to the objectives of ERISA and the "nature of the effect of the state law on ERISA plans." *Id*. The following factors were identified as significant to the determination as to whether a state law is "connected with" an ERISA plan: (1) whether the state law regulates the types of benefits; (2) whether the state law requires the establishment of a separate employee benefit plan to comply with the law; (3) whether the state law imposes reporting, disclosure, funding, or vesting requirements for ERISA plans; and (4) whether the state law regulates certain ERISA relationships, including the relationship between the ERISA plan and the employer. *Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*, 135 F. 3d 671, 678 (9th Cir. 1998); *quoting Aloha Airlines, Inc., v. Ahue*, 12 F. 3d 1498, 1504 (9th Cir. 1993).

With respect to the long term disability insurance, the complaint alleges that defendants stopped making the premium payments on November 27, 2002, without any notice to plaintiff. Complaint, ¶ 2.3. When plaintiff began experiencing health problems, she asked to use her long term disability and was told

ORDER GRANTING MOTION FOR
REMAND - 2

by defendants' Human Resources Department that she did not have coverage. ¶ 2.27.  She asserts that defendants "increased their leverage" on her to negotiate a severance agreement by maintaining that she did not have disability insurance coverage. ¶ 2.28.  She contends that defendants lied to her about her long term disability coverage, because she had in fact enrolled in the plan and funds had been deducted to pay for her coverage. ¶ 2.29.  Finally, she states that she had "no choice" but to accept a severance package, relying on the misrepresentation of defendants that she had no long term disability insurance. ¶ 2.30.

The state law claims of breach of contract, fraud, misrepresentation, and negligence regarding the long term disability insurance are in no way related to or connected with the terms of the benefit plan itself.   None of the four factors enumerated above is present;  the state law claims here do not in any way implicate the funding, disclosure or regulation of the benefits plan.  In considering the claims, the Court need not even look at the disability insurance plan itself.   Plaintiff simply claims that defendants improperly and without notice stopped deducting the payments to fund her coverage, and then lied or misrepresented the status of her coverage.    These claims have only a "tenuous, remote or peripheral' connection" with the terms of the disability insurance plan. *Travelers Insurance Co*., 514 U.S. at 661.  These are thus not within the scope of state laws which Congress intended to supplant by  ERISA.  *Id*. at 654.   Indeed, the objective of the ERISA statute to provide coverage for employees is furthered by application of the state's tort and contract laws here.   *Id*. at 656.   These claims are thus not preempted.

Accordingly, plaintiff's motion for remand is GRANTED, and this case is hereby REMANDED to the King County Superior Court, Cause No. 06-2-06877-7 SEA.  The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 28 day of August, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR REMAND - 3